[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS
CT Page 14836
This is a petition for the termination of parental rights. The mother consented to the termination. The case proceeded against the respondent father (respondent).
On March 14, 1998, the two children Imani and Italy were born to the father. Three days later they came into the care of DCF. On May 20, 1998, the children were adjudicated uncared for. In the more than 2 1/2 years during which the children have been in the care of DCF, the father has called them twice and sent cards, letters or gifts twice. He has never supported them. The father has continuously had a serious drug use problem and has a lengthy criminal record spanning three decades. Earlier this year, he was arrested on numerous felony narcotics offenses, including possession of narcotics with intent to sell and sale of illegal narcotics.
By petition dated June 21, 1999, DCF seeks to terminate the father's parental rights based on (1) failure to rehabilitate, (2) the lack on any ongoing parent-child relationship, and (3) abandonment. The court finds that the first and third grounds have been proven by clear and convincing evidence and dismisses the second ground pursuant to In re Valerie D.,223 Conn. 492 (1992). Specifically, the children have "been abandoned by the [respondent] in the sense that the [respondent] has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child[ren]." General Statutes § 17a-112(c)(A). Also, the children have previously been adjudicated uncared for in a prior proceeding and the respondent "has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such [respondent] parent could assume a responsible position in the life of the child[ren]." General Statutes § 17a-112(c)(B).
Moreover, the clear and convincing evidence is that it is in the children's best interests that the respondents' parental rights be terminated. The mother has consented, and she is incarcerated on drug-related charges. The children do not know the father. There is no reason to believe that either the respondent father or the mother ever will be capable of caring for them. At age 2 1/2, the children's youth militates in favor of providing them with their much needed permanency now. They have found that permanency in the foster parents to whom they are closely bonded.
 Mandatory Findings[1]
CT Page 14837
1. (Finding regarding the timeliness, nature and extent of servicesoffered, provided, and made available to the parent and the child by achild-placing agency to facilitate the reunion of the child with theparent.)
No services were offered or required to be offered to the respondent since he has abandoned the children. General Statutes § 17a-111b(1)(A).
2. (Finding regarding whether DCF has made reasonable efforts toreunite the family pursuant to the Federal Child Welfare Act of 1980, asamended.)
Reasonable efforts were impossible and not appropriate, as the court found, on May 24, 1999, because of the respondent's abandonment of the children.
3. (Finding regarding the terms of any applicable court order enteredinto and agreed upon by any individual or child-placing agency and theparent, and the extent to which all parties have fulfilled theirobligations under such order.)
No court order was entered to the father. It does not appear from the file that he ever participated in these proceedings.
4. (Finding regarding the feelings and emotional ties of the child withrespect to the child's parents, any guardian of the child's person andany person who has exercised physical care, custody or control of thechild for at least one year and with whom the child has developedsignificant emotional ties.)
The children do not know the respondent at all. The children are very bonded to their foster parents, with whom they have close emotional ties. The children refer to their foster parents as "mommy" and "daddy."
5. (Finding regarding the age of the child.)
The children are both 2 1/2 years of age.
6. (Finding regarding the efforts the parent has made to adjust suchparent's circumstances, conduct or conditions to make it in the bestinterest of the child to return the child to the parent's home in theforeseeable future, including, but not limited to: (A) the extent towhich the parent has maintained contact with the child as part of aneffort to reunite the child with the parent; provided the court may giveweight to incidental visitations, communications or contributions, and(B) the maintenance of regular contact or communication with the guardianCT Page 14838or other custodian of he child.)
The father has made no discernible efforts to adjust his circumstances. He has not maintained contact with the children or with the children's caretakers. He visited the foster parents for the first time earlier this year.
7. (Finding regarding the extent to which a parent has been preventedfrom maintaining a meaningful relationship with the child by theunreasonable act or conduct of the other parent of the child, or theunreasonable act of any other person or by the economic circumstances ofthe parent.)
The father has not been prevented from maintaining such a relationship by the unreasonable act or conduct of any person or entity or by his economic circumstances.
Based on clear and convincing evidence, the petition is granted. The court terminates the respondent's parental rights. It is further ordered that the Commissioner of the Department of Children and Families is appointed statutory parent for the children for the purpose of securing for them a permanent adoptive family. Since the current foster mother wishes to adopt the children, it is the court's order that she receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by state and federal law.
Dated at Middletown this 28th day of November, 2000.
BY THE COURT
Bruce L. LevinJudge of the Superior Court